1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOSEPHUS H. WILLIAMS,

        Plaintiff,

    v.

LT. DIXON,

        Defendant.

Case No. 20-00673 EJD (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner at the California State Prison ("CSP") in Solano, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on February 2, 2018, he was placed in administrative segregation for distribution of a controlled substances and later found guilty.  Dkt. No. 1 at 3.  Plaintiff claims he was denied the right to call witnesses at the disciplinary hearing.  Id. Plaintiff seeks the restoration of good time credits, among other forms of relief.  Id.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 562 U.S. at 533-34 (quoting Wilkinson, 544 U.S. at 82).  But a challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." Id. at 525.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2      Here, Plaintiff is alleging a due process violation in connection with a disciplinary

3   hearing that resulted in the revocation of good time credits.  If he succeeds in this action

4   and the good times credits are restored, that would "necessarily spell speedier release."  Id.

5   Accordingly, this action should be brought as a petition for a writ of habeas corpus rather

6   than a § 1983 action.  Id.

7      Although a district court may construe a habeas petition by a prisoner attacking the

8   conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see

9   Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights

10  complaint seeking habeas relief should be dismissed without prejudice to bringing it as a

11  petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586

12  (9th Cir. 1995).  Accordingly, Plaintiff may seek relief for the alleged violation of due

13  process in connection with his disciplinary hearing by filing a petition for a writ of habeas

14  corpus pursuant to 28 U.S.C. § 2254.

15     Lastly, in order to recover damages for an allegedly unconstitutional conviction or

16  imprisonment, or for other harm caused by actions whose unlawfulness would render a

17  conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

18  or sentence has been reversed on direct appeal, expunged by executive order, declared

19  invalid by a state tribunal authorized to make such determination, or called into question

20  by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477,

21  486-487 (1994).  Heck also bars a claim of unconstitutional deprivation of time credits

22  because such a claim necessarily calls into question the lawfulness of the plaintiff's

23  continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.  See

24  Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).  Accordingly, Plaintiff may only

25  pursue a claim for damages in connection with the unlawful deprivation of time credits if

26  he prevails on the habeas action challenging the revocation of those credits.

27  ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

      For the reasons set forth above, this action is DISMISSED without prejudice to filing as a new habeas action under 28 U.S.C. § 2254.

      The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

      **IT IS SO ORDERED.**

**Dated:**   7/1/2020

                              EDWARD J. DAVILA
                          United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.20\00673Williams_dism(cr-hc)